*The accounting in* ABRAHAM G. THOMPSON'S *Estate.*

A JUDGMENT recovered in a court of law against an executor for services rendered in and about the administration of the estate, is an expense of administration, and not a debt of the estate.

EVARTS, SOUTHMAYD & CHOATE, *for Petitioners.*
SEWARD & BLATCHFORD, *for Administrator.*

THE SURROGATE. The petitioner, after a trial at law upon the merits, recovered on the 27th February, 1862, a judgment in the Supreme Court against Edward G. Thompson administrator, with the will annexed of Abraham G. Thompson, for the sum of $2,000 "to be made, levied, and collected from the goods, chattels, and assets, lands and tenements, of the estate of Abraham G. Thompson, deceased." This judgment was for professional legal services rendered to Henry Sheldon, the former executor of the estate, in and about the administration of the estate. The judgment creditor now petitions the Surrogate that the present administrator, with the will annexed, account, and that he be decreed to pay such judgment from the assets of the estate, or that an execution may be issued on such judgment, or for such other relief, etc. The petitioner claims this judgment to be a part of the necessary expenses of administration, and that as such it should be paid in full in precedence, or even in exclusion of all debts of the testator.

On the other hand, the administrator insists that the judgment in question is merely a debt of the estate of the fourth class, under the statute, and that execution can only issue for the sum that shall, upon the administrator's accounting, have appeared to be a just proportion of the assets applicable to the payment of such a debt. It appears that there are assets of the estate sufficient to pay this judgment, and all other probable expenses of administration, but not enough to pay more than a proportion of all the debts.

The section relating to the settlement of accounts of executors and administrators, and the allowance of their commissions, etc., provides that "in all cases such allowance shall be made for their actual and necessary expenses as shall appear just and reasonable."

In this case the Supreme Court has declared that $2,000 was a "just and reasonable allowance" for the "actual and

necessary expenses" of counsel fees, and that that amount is due to the petitioner by the estate.

In order to make the judgment a "debt" against the estate, and within the meaning of the statute, so that it must abate with the other debts due the estate, in consequence of the deficiency of assets, it would be necessary that the services for which the judgment has been obtained, should have been rendered to the testator in his lifetime.

The remedy of the petitioner is a decree of the Surrogate that the administrator pay out of the estate the amount of this judgment, with interests and costs. Decree accordingly.